IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LESLIE T. WEEKLY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-01786 |
| FIFTH THIRD BANK, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

**NOW COMES** Leslie T. Weekly ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Fifth Third Bank ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois, Plaintiff resides in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a national banking institution organized under the laws of the United States with its headquarters located in Cincinnati, Ohio. Defendant is a foreign company that conducts business with consumers across the country, including the State of Illinois.

## FACTS SUPPORTING CAUSES OF ACTION

6. In 2018, Plaintiff opened a checking account with Defendant.

7. In December 2019, Plaintiff lost his wallet, and a thief over-drafted Plaintiff's checking account, thus incurring an overdraft fee of approximately $100.00 ("subject debt").

8. Plaintiff immediately called Defendant to inform it that his wallet had been stolen and that the subject debt was invalid.

9. A representative for Defendant instructed Plaintiff to visit a branch to fill out paperwork regarding his stolen wallet and over-drafted account.

10. In January 2020, Plaintiff started to receive collection phone calls from Defendant to his cellular phone number (773) XXX-7162 attempting to collect the subject debt.

11. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number. Plaintiff is and has always been financially responsible for this telephone and its services.

12. On or around February 15, 2020, Plaintiff answered a call from Defendant.

13. Plaintiff asked why Defendant was repeatedly calling him.

14. Defendant stated that it was attempting to collect upon the subject debt.

15. Once again, Plaintiff stated that he had lost his wallet and that the subject debt was

invalid.

16. Defendant's representative asked Plaintiff to pay the subject debt despite him stating that it was invalid.

17. Plaintiff reiterated that he did not owe the subject debt and demanded that Defendant stop calling him.

18. Plaintiff spoke to Defendant again on February 28, 2020, and reiterated that he did not want to receive phone calls from Defendant anymore.

19. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

20. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

21. Failing to acquiesce to Plaintiff's demands to cease calling him, Defendant continued its phone harassment campaign without Plaintiff's consent.

22. Notwithstanding Plaintiff's requests that Defendant cease calling his cellular phone, Defendant placed or caused to be placed no less than 27 phone calls to Plaintiff's cellular phone between January 2020 and the present day, with multiple calls taking place in one day, calls taking place on weekends, and calls taking place on back to back days.

23. The phone number that Defendant most often uses to contact Plaintiff is (800) 240-8151, but upon information and belief, it may have used multiple other phone numbers to place phone calls to Plaintiff's cellular phone number without his consent.

## DAMAGES

24. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life

and general well-being.

25. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

26. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

27. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## **COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION**

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

30. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to

4

dial such numbers." 47 U.S.C. §227(a)(1).

31. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

32. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

33. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

34. Defendant violated the TCPA by placing at least 27 phone calls to Plaintiff's cellular telephone between January 2020 and the present day, using an ATDS without his consent.

35. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

36. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

37. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

38. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

39. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

40. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a

minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff LESLIE T. WEEKLY respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Enjoining Defendant from further contacting Plaintiff; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

41. Plaintiff restates and reallages paragraphs 1 through 35 as through fully set forth herein.

42. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

43. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

44. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

45. Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its attempts to collect the alleged debt from Plaintiff personally.

**a. Unfairness and Deception**

46. It was unfair and deceptive for Defendant to seek to collect a subject debt from the Plaintiff through relentless harassing phone calls to his cellular phone, attempting to induce him into making an immediate payment.

47. It was unfair and deceptive for Defendant to continue placing unwanted phone calls after Plaintiff demanded on multiple occasion that it cease calling his cellular phone number.

48. Defendant's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in a significant harm in the form of invasion of privacy and nuisance.

49. Upon information and belief, Defendant systematically misleads consumers in Illinois in order to aggressively collect debts in default or assumed to be in default to increase its profitability at the consumers' expense.

50. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully.

51. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

52. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendant's illegal conduct.

**WHEREFORE**, Plaintiff LESLIE T. WEEKLY, requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Award Plaintiff him actual damages in an amount to be determined at trial;
c. Award Plaintiff him punitive damages in an amount to be determined at trial;
d. Award Plaintiff him reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: March 13, 2020  Respectfully Submitted,

/s/ Omar T. Sulaiman
/s/ Alexander J. Taylor
Omar T. Sulaiman, Esq.
Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
osulaiman@sulaimanlaw.com
ataylor@sulaimanlaw.com